IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THOMAS RAYMOND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| BOARD OF TRUSTEES SOUTHERN ILLINOIS UNIVERSITY, | ) |
| | ) |
| | ) |
| Defendant. | ) **Jury Demanded** |

# COMPLAINT

The Plaintiff, Thomas Raymond, brings this lawsuit against his former employer, Board of Trustees of Southern Illinois University (hereafter "SIU"). In support of his complaint, he states as follows:

**Venue and Jurisdiction**

1. Raymond's claim against SIU is brought under the Americans with Disabilities Act. 42 U.S.C. § 12112(a). This claim raises a federal question and this Court has jurisdiction to hear the claim under 28 U.S.C. § 1331.

2. SIU engages in business in Springfield, Illinois, and Raymond worked for it there. Venue is proper in this Court.

3. Raymond previously filed a complaint with the United States Equal Employment Opportunity Commission alleging that he had been discriminated against in violation of his rights under the ADA. On October 3, 2024, he received a

right to sue notice.

## Parties

4. SIU is a state university. Its medical school is located in Springfield, Illinois.

5. Raymond is an adult who previously worked for SIU at its medical school in Springfield, Illinois.

## Facts

6. Raymond began working for SIU as an Office Manager on February 7, 2022. His job duties included providing administrative support to office staff.

7. In August of 2022 Raymond applied for a promotion and did not receive the promotion.

8. On September 13, 2022, Raymond was disappointed that he did not receive the promotion, but remained professional.

9. For no legitimate reason, the Director of Labor and Employee Relations, Jessica Derhake, called campus security and demanded that Raymond be taken – against his will – to the emergency room.

10. There was no legitimate reason for Raymond to go to the emergency room and Derhake had no lawful authority to force Raymond to do so.

11. Raymond was escorted to the emergency room by officers employed by SIU.

12. On September 13, 2022, Raymond was placed on a leave of absence against his will.

13. Raymond was never allowed to return to work and his position was eliminated in March of 2023. Ultimately, because he had to take a different job,

Raymond resigned his position on May 16, 2023.

14. Raymond suffers from some mental health issues, however, those do not preclude him from being able to work. Despite the fact that he was able to work, SIU perceived that Raymond was disabled. Specifically, SIU believed that Raymond suffered from a mental health disability.

15. Owing to its perception that Raymond was disabled, SIU engaged in a pattern of discrimination against him. This included workplace harassment, forcing him to the emergency room, removing him from the workplace, eliminating his position, and a constructive discharge.

16. Raymond has sustained damages as a result of the harassment and discrimination that was directed at him. This includes the loss of wages and damages stemming from his constructive discharge.

Wherefore, Thomas Raymond requests that this Court enter judgment in his favor and against SIU and make the following findings:

1. An order finding that he was unlawfully discriminated against in violation of the Americans with Disabilities Act.

2. An award of damages for the injuries that he has sustained.

3. An award of fees and costs.

4. Any other relief that is appropriate.

**PLAINTIFF REQUESTS A JURY TRIAL**

*Thomas Raymond*

Dated:    DECEMBER 26, 2024


/s/ John A. Baker
John A. Baker
BAKER, BAKER & KRAJEWSKI, LLC
415 South Seventh Street
Springfield, IL 62701
(217) 522-3445
(217) 522-8234 (Fax)
jab@bbklegal.com